Harold S. Campbell, Appellant *v.* The Northampton County Recorder of Deeds, Appellee.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*B. Ryland Wiggs,* for appellant.

*Robert E. Simpson, Jr.,* with him *John D. DiGiacomo,* for appellee.

*Richard J. Haber,* for intervenor.

OPINION BY JUDGE WILKINSON, JR., June 1, 1979:

This is an appeal from a denial of appellant's writ for peremptory mandamus by the Northampton County Court of Common Pleas. We affirm.

On November 3, 1977 appellant presented certain subdivision plats to the Northampton County Recorder of Deeds for acceptance and recordation. The Recorder refused to accept and record the plats because they did not show the necessary approvals required by the Land Subdivision Regulations adopted by Resolution of the township on September 18, 1958 and by the Joint Planning Commission of Lehigh and Northampton Counties on November 26, 1963. Appellant had not taken steps to present his plans for

approval under the requirements of the county regulations passed by resolution on January 1, 1964, pursuant to authority granted in Section 2004 of The County Code, Act of August 9, 1955, P.L. 323, *as amended, formerly* 16 P.S. §2004.

Section 2004 of The County Code was repealed by the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

It is appellant's contention that the repeal of Section 2004 of The County Code by the MPC removed the requirement of compliance with the above regulations until readopted by the county and township by ordinance.

As pointed out by Judge ALFRED T. WILLIAMS in his able opinion for the common pleas court, this argument is almost frivolous in view of the express "saving clause" of Section 103 of the MPC.

> The provisions of this act shall not affect any act done, contract executed or liability incurred prior to its effective date, or affect any suit or prosecution pending or to be instituted, to enforce any right, rule, regulation, or ordinance or to punish any offense against any such repealed laws or against any ordinance enacted under them. All ordinances, *resolutions*, regulations[1] and rules made pursuant to any act of Assembly repealed by this act shall continue in effect as if such act had not been repealed, except as the provisions are inconsistent herewith. The provisions of other acts relating to municipalities and townships are made a part of this act and this code shall be construed to give effect to all provisions of other acts not specifically repealed.
>
> [1] Enrolled bill omitted 'regulations'. 53 P.S. §10103. (Emphasis added.)

Clearly the provisions for Commission approval of plat plans in both The County Code and the Regulations are not inconsistent with the MPC.

It is apparent to us, as it was to the trial court, that the savings clause preserved both The County Code and the Regulations' provisions for the prior approval of subdivision plat plans before recording is permitted.

Quite apart from the question of repeal by the MPC, appellant attempts to raise the constitutionality of the resolutions. Suffice it to say mandamus is not an appropriate procedure to question the validity of these regulations. Had the plat plans been submitted and rejected, the appropriate appeal procedures would have been available. By this we do not imply that such a procedure would have been successful.

Accordingly, we will enter the following

### ORDER

AND Now, June 1, 1979, the Order of the Court of Common Pleas of Northampton County, dated March 3, 1978, dismissing appellant's writ of peremptory mandamus is hereby affirmed.